UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| **SCP MERCHANDISING, LLC,** ) | |
| ) | Case No. 23-bk-17436 |
| **Debtors.** ) | |
| ) | Adv. Proc. No. _____ |
| **MACKENZIE NIEMETZ**, *on behalf of* ) | |
| *themselves and those similarly situated*; ) | CLASS ACTION ADVERSARY |
| ) | PROCEEDING COMPLAINT |
| ) | |
| ) | Honorable Judge Janet S. Baer |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| ) | |
| **SCP MERCHANDISING, LLC,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff MacKenzie Niemetz (they/them), on behalf of themselves and a putative class of similarly situated former employees as defined herein, brings this suit against Debtor-Defendant SCP Merchandising, LLC by way of this Class Action and Adversary Proceeding Complaint, alleging as follows:

**NATURE OF THE ACTION**

1.  This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act") and the Illinois WARN Act, 820 ILCS 65/1 *et seq*, by the Plaintiff on his own behalf and on behalf of the other similarly

1

situated persons against Defendant SCP Merchandising, LLC, their employer for federal and Illinois WARN Act purposes.

2. On or within 30 days of December 17, 2023, Defendant made a mass layoff by, unilaterally and without proper notice to employees or staff, terminating approximately 141 employees at its facilities, located at 1020 Olympic Drive, Batavia, Illinois, 60510 and 950 Raddant Road, Batvia, Illinois 60510 (collectively, "Batvia Facilities").

3. Defendant failed to provide 60 days advance written notice to employees or staff as required by the WARN Act, 29 U.S.C. § 2101 *et seq.*, and the Illinois WARN Act, 820 ILCS 65/10, to the affected employees.

4. The last day Plaintiff worked was December 18, 2023, but others were terminated on December 17, 2023.

5. Defendant's reduction in nearly its entire workforce at that plant constituted a mass layoff or plant closing, commencing on or around December 17, 2023. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the federal WARN Act and the Illinois WARN Act.

6. Plaintiff's claims, as well as the claims of all similarly-situated employees, are entitled to partial administrative expense status pursuant to United States Bankruptcy Code § 503(b)(1)(A) and partial, or alternatively, full priority status under 11 U.S.C. § 507(a)(4) and (5), up to the priority cap, with the balance, if any, being a general unsecured claim.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. This Court has jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

9. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

11. Plaintiff MacKenzie Niemetz is a citizen of the United States and resident of Campton Hills, Illinois. Plaintiff Niemetz was employed by Defendant at all relevant times at the Batavia, Illinois, facility. They were hired by Defendant on or around November 8, 2021. They are an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

12. Defendant SCP Merchandising, LLC, is a limited liability company registered in Illinois with its principal place of business located at 1020 Olympic Drive, Batavia, IL 60510. Defendant may be served via its registered agent, Roy D. Winn, 27W140 Roosevelt Road, Suite 201, Winfeld, Illinois 60190-1641.

## FACTS

13. Defendant is a private, Illinois-based merchandising company that operates facilities at 1020 Olympic Drive, Batavia, IL 60510, and 950 Raddant Rd. Batvia, IL 60510.

14. Fulfillment Operations Manager, Eoin Doherty, called some employees individually, including Plaintiff, to notify them about the layoffs and ask if they would be willing to work the following Monday, December 18, 2023. Plaintiff accepted that offer, but Monday, December 18, 2023, was the last day they were employed.

15. Later that same day, Defendant e-mailed all employees that the operation was closing and their employment would be terminated immediately.

3

16. On December 18, 2023, Defendant filed a notice with the Illinois WorkNet Center, advising that 141 total employees located in the Blasdell, NY plant were terminated on August 10, 2023.

17. Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

18. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

19. By failing to provide its affected employees who were temporarily or permanently terminated on or around December 17, 2023, with WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

20. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of December 17, 2023.

21. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

    b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

    c. Plaintiff is a member of the class, and his claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

    d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

22. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications. This would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

23. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only

5

individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101,** *et seq.*
**COUNT I**
**(WARN Act)**
(*On behalf of Plaintiff and those similarly situated*)

25. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

26. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

27. Plaintiff and those they seek to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

28. The December 17, 2023, permanent layoffs of at least 141 employees at the Batvia facilities resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

29. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Batvia facilities, together, constitute a single site of employment in that each employee's facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

30. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §]

6

3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

31. On information and belief, prior to December 17, 2023, Defendant did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any *prior* written notice to the Illinois state agency, or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendant waited *after* announcing the mass layoffs already occurred to do so.

32. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about December 17, 2023.

33. As such, Plaintiff and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

34. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

35. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## VIOLATIONS OF THE ILLINOIS WARN ACT, 820 ILCS 65
## COUNT II
### (Illinois WARN Act)
*(On behalf of Plaintiff and those similarly situated)*

36. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

37. Defendant is an "employer" within the meaning of the WARN Act, 820 ILCS 65/5(c).

38. Plaintiff and those they seek to represent were at all relevant times "affected employees" within the meaning of the Illinois WARN Act, 820 ILCS 65/5(a).

39. The December 17, 2023, permanent layoffs of at least 141 employees at the Batvia facilities resulted in "employment losses" as defined in 820 ILCS 65/5(b)(1).

40. For purposes of 820 ILCS 65/5(d), the Batvia facilities, together, constitute a single site of employment in that each employee's facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

41. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "(1) affected employees and representatives of affected employees; and (2) the Department of Commerce and Economic. 820 ILCS 65/10(a)(1)-(2).

42. On information and belief, prior to December 17, 2023, Defendant did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those they seek to represent, as that term is defined in 2820 ILCS 65/5(a). Nor upon information and belief did Defendant give any *prior* written notice to the Department of Commerce and Economic Opportunity, or to the chief elected official of the local government within which

8

the mass layoff was ordered. Rather, Defendant waited *after* announcing the mass layoffs already occurred to do so.

43. Defendant violated the Illinois WARN Act by failing to give timely written notice of the mass layoff as required by 820 ILCS 65/10, which began on or about December 17, 2023.

44. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for ignoring the notice requirements at 820 ILCS 65/10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and his counsel of record as Class Counsel.

2. A declaration that Defendant has violated the WARN Act;

3. A declaration that Defendant has violated the Illinois WARN Act;

4. A first priority administrative expense claim against Defendant pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly-situated former employees equal to the sum of their: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefits had that coverage continued for that period, all determined in accordance with the federal or Illinois WARN Act, or alternatively, determining that the first $15,150 of the WARN Act claims of the Plaintiff and each of the other similarly-situated former employees are entitled to priority status under 11 U.S.C. § 507(a)(4)-(5), and the remainder is a general unsecured claim;

5. A judgment against Defendant and in favor of Plaintiff and those they seek to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A) and the Illinois WARN Act, 820 ILCS 65/35.

6. A judgment against Defendant and in favor of Plaintiff and those they seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B) and the Illinois WARN Act, 820 ILCS 65/35(a)(2).

7. A finding that Defendant's violations of the WARN Act and Illinois WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102 and the Illinois Warn Act, 820 ILCS 65/10.

8. A judgment against Defendant and in favor of Plaintiff and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

9. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3) and the Illinois WARN Act 820 ILCS 65/35; and,

10. Such other and further relief as this Court deems just and proper and allowed under the WARN Act and the Illinois WARN Act.

This ___ day of January 2024.

Respectfully submitted,

By: */s/ Samuel J. Strauss*
Samuel J. Strauss (Ill. Bar No. 6340331)
Raina C. Borrelli*
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com


J. Gerard Stranch, IV*
Michael C. Iadevaia*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com


Lynn A. Toops*
Amina A. Thomas*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com


\* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

11