**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SCP OPERATIONS, LLC, | ) | Case No. 23-17436 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | **Hearing Date:  February 23, 2024** |
| | ) | **Hearing Time:  11:00 a.m.** |
| | ) | |

**NOTICE OF MOTION**

To:   See attached Certificate of Service

**PLEASE TAKE NOTICE** that on Friday, February 23, 2024, at 11:00 a.m., I will appear before the Honorable Janet S. Baer, or any judge sitting in her place, either in Courtroom 615 of the Everett P. Dirksen Federal Courthouse or electronically as described below, and present the attached **MOTION OF ASSOCIATED BANK, NATIONAL ASSOCIATION, FOR RELIEF FROM THE AUTOMATIC STAY** and shall move the court for entry of an order in accordance therewith.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using the telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and password**.  The meeting ID for this hearing is **160 731 2971** and enter password **587656**.  The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: February 15, 2024          Respectfully submitted,

**ASSOCIATED BANK, NATIONAL ASSOCIATION**

By   */s/ Timothy W. Brink*
       One of Its Attorneys

Kevin R. Purtill (ARDC No. 6300607)
Timothy W. Brink (ARDC No. 6215802)
**MELTZER, PURTILL & STELLE LLC**
125 South Wacker, Suite 2900
Chicago, Illinois 60606
(312) 987-9900
kpurtill@mpslaw.com
tbrink@mpslaw.com

## CERTIFICATE OF SERVICE

      I, Christine Rampich, affirm that on February 15, 2024, I served copies of the attached **Motion of Associated Bank, National Association, For Relief From The Automatic Stay** and the accompanying **Declaration of Jiri Mikl**, **Required Statement to Accompany Motions For Relief From Stay** and [**Proposed**] **Order Granting Motion for Relief from Stay** upon those individuals listed on the attached service list through the Court's ECF system and/or by depositing same in the U.S. Mail from 125 South Wacker, Suite 2900, Chicago, Illinois.

                                                                     By    */s/ Christine Rampich*

**VIA CM/ECF**:

- **Tevin D. Bowens**     tbowens@ag-ltd.com
- **Timothy W Brink**     tbrink@mpslaw.com, crampich@mpslaw.com
- **Alexander F Brougham**     abrougham@ag-ltd.com, dbaird@ag-ltd.com
- **Jon Dowat**     email@otblaw.com, dowat.jonb110526@notify.bestcase.com
- **Gina B Krol**     gkrol@cohenandkrol.com, gkrol@ecf.axosfs.com;gkrol@cohenandkrol.com;acartwright@cohenandkrol.com;jneiman@cohenandkrol.com
- **Patrick S Layng**     USTPRegion11.ES.ECF@usdoj.gov
- **Eric J Malnar**     emalnar@huckbouma.com
- **David A. Newby**     dnewby@momkus.com, cbednarski@momkus.com
- **Lester A Ottenheimer, III**     lottenheimer@olawgroup.com, nfishkin@olawgroup.com
- **Kevin R Purtill**     kpurtill@mpslaw.com, crampich@mpslaw.com
- **Adam P. Silverman**     asilverman@ag-ltd.com, nrakunas@ag-ltd.com

**VIA U.S. FIRST CLASS MAIL**:

SCP Merchandising, LLC
1020 Olympic Drive
Batavia, IL 60510-1329

J Gerard Stranch
Stranch Jennings & Garvey PLLC
223 Rosa Parks Ave.
Suite 200
Nashville, TN 37203

Samuel J Strauss
Turke & Strauss LLP
613 Williamson Street
Suite 201
Madison, WI 53703

Lynn A Toops
Cohen & Malad LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SCP OPERATIONS, LLC, | ) | Case No. 23-17436 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing Date: February 23, 2024 |
| | ) | Hearing Time: 11:00 am |
| | ) | |

## MOTION OF ASSOCIATED BANK, NATIONAL ASSOCIATION, FOR RELIEF FROM THE AUTOMATIC STAY

Associated Bank, National Association (the "Bank"), by and through its undersigned counsel, and pursuant to section 362(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files this motion for relief from the automatic stay (the "Motion") so that it may exercise its non-bankruptcy law rights and remedies with respect to the accounts and accounts receivable (the "Accounts") that the chapter 7 trustee has abandoned to the debtor. In support of this Motion, the Bank respectfully states as follows:

**I.**
**BACKGROUND**

1. Prior to the Petition Date (as hereafter defined), the Bank made certain loans (the "Loans") to SCP Merchandising, LLC, SCP Operations, LLC and Second City Prints, LLC (each a "Borrower" and, collectively, the "Borrowers"). *See* Declaration of Jiri Mikl ("Mikl Decl."), ¶¶ 4-7, and Exhs. A – G thereto (the "Loan Documents"). As security for the Loans, the Borrowers granted the Bank security interests in substantially all their assets (the "Collateral"). *See* Mikl Decl., ¶¶ 8-10.

2. Also prior to the Petition Date, the Bank notified the Borrowers that, due to the occurrence of events of default under the Loan Documents, all indebtedness in connection therewith became immediately due and owing to the Bank and demanded, among other things, immediate payment of all amounts due and owing to the Bank and immediate delivery to the Bank of all the Collateral. See Mikl Decl., ¶ 12.

3. On December 29, 2023 (the "Petition Date"), SCP Merchandising, LLC, SCP Operations, LLC and SCP Holdings, LLC (each a "Debtor" and, collectively, the "Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code, thereby initiating the above-captioned case (the "Bankruptcy Case") and the related cases having case numbers 23-17436 and 23-17434, respectively (collectively, the "Bankruptcy Cases"). Also on December 29, 2023, Gina B. Krol was assigned as the chapter 7 trustee (the "Chapter 7 Trustee") in each of the Bankruptcy Cases.

4. The Debtor has not yet filed its Schedules and Statement of Financial Affairs, and the Chapter 7 Trustee has not yet conducted the section 341 "meeting of creditors." However, on January 10, 2024, the Chapter 7 Trustee filed a motion requesting authority to abandon the Debtor's estate's interest in "branded merchandise, cash, accounts, accounts receivable, equipment, machinery, inventory, and any other physical assets located at the Debtor's leased premises[.]" *See* Doc. 17 (the "Abandonment Motion"). The Court granted the Abandonment Motion by order dated January 26, 2024 and entered on January 30, 2024 (the "Abandonment Order").

5. As of the Petition Date, the amount due and owing to the Bank under the Loan Documents was not less than $520,735.44. *See* Mikl Decl., ¶ 14.

## II.
## JURISDICTION

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue of this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.
## ARGUMENT

9. Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay…. (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

10. "'Cause' as used in § 362(d) 'has no clear definition and is determined on a case-by-case basis.'" *In re Wilson*, 536 B.R. 218, 222 (Bankr. N.D. Ill. 2015) (*quoting In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)). "In determining whether to grant relief from the automatic stay [for cause], courts generally examine (i) whether any 'great prejudice' to either the bankrupt estate or the debtor will result from lifting the stay, as well as (ii) whether the hardship to the non-bankruptcy [sic] party by maintenance of the stay considerably outweighs the hardship to the debtor."[1] *In re Pasquinelli Homebuilding, LLC*, 463 B.R. 468, 473 (Bankr. N.D. Ill. 2012) (*citing Fernstrom*, 938 F.2d at 735).

11. Because the Chapter 7 Trustee has abandoned the Accounts, lifting the stay to permit the Bank to exercise its non-bankruptcy law rights and remedies with respect to the

---

[1] The third prong in the three-factor test adopted by *Fernstrom* is only utilized in the context of a party seeking relief from the automatic stay to continue prepetition litigation, and therefore is not implicated here. *See In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010).

3

Accounts will cause no prejudice whatsoever to the Debtor's bankruptcy estate. Nor will it cause great prejudice to the Debtor; to the contrary, it will benefit the Debtor for the Bank to promptly undertake to collect on the Accounts and apply the proceeds to the amounts due and owing to the Bank under the Loan Documents.

12. On the other hand, the hardship to the Bank if the stay is not lifted and the Bank is prevented from collecting the Accounts considerably outweighs the hardship (if any) to the Debtor. First, the longer the Bank is prevented from collecting the Accounts the more likely it is that the amounts ultimately recovered on the Accounts and applied to the Debtor's indebtedness to the Bank will be less. Second, if the Bank is prevented from collecting the Accounts it is possible that the Debtor or others acting on the Debtor's behalf will attempt to collect the Accounts and use the proceeds for purposes other than the payment of the Debtor's indebtedness to the Bank. Third, to protect against these risks, the Bank would be forced to seek stay relief to continue its prepetition litigation against the Debtor generally, which would impose needless additional expense and delay on the Bank and, by extension, the Debtor.

13. The abandonment of the Accounts and the nature of this Bankruptcy Case provide additional cause for relief from the automatic stay. As a result of their abandonment, the Accounts are no longer property of the Debtor's bankruptcy estate and the automatic stay no longer applies to "act[s] against" the Accounts. 11 U.S.C. 362(c)(1); 5 COLLIER ON BANKRUPTCY ¶ 554.02[4] (Richard Levin & Harry J. Sommers eds., 16th ed.). While the automatic stay otherwise remains in place, the automatic stay "of any other act" will terminate upon the earlier of the closing or dismissal of this Bankruptcy Case. 11 U.S.C. 362(c)(2); 5 COLLIER ON BANKRUPTCY ¶ 554.02[4] (Richard Levin & Harry J. Sommers eds., 16th ed.). Therefore, it is only a question of when – not if – the automatic stay will terminate and the Bank

4

will be free to collect the Accounts. This, coupled with the fact that the Debtor is not an individual debtor who could claim an exemption in or redeem any of the property abandoned by the Chapter 7 Trustee, clearly establishes cause for relief from the automatic stay.

14. Finally, because the Debtor will not be prejudiced thereby but the hardship that would be imposed on the Bank outweighs the hardship (if any) to the Debtor, the Bank respectfully requests that the Court order that the 14-day stay provided for by Rule 4001(a)(3) of the Bankruptcy Rules shall not apply, and that the order granting this Motion be effective immediately.

WHEREFORE, Associated Bank, National Association, respectfully requests that the Court enter an order (i) modifying the automatic stay to permit it to exercise its non-bankruptcy law rights and remedies with respect to the Accounts, (ii) ordering that the 14-day stay provided for by Rule 4001(a)(3) of the Bankruptcy Rules shall not apply and that the order granting this Motion be effective immediately upon entry, and (iii) granting such other and further relief as the Court deems appropriate.

Dated: February 15, 2024         ASSOCIATED BANK, NATIONAL ASSOCIATION

/s/ *Timothy W. Brink*
Kevin R. Purtill (ARDC No. 6300607)
Timothy W. Brink (ARDC No. 6215802)
MELTZER, PURTILL & STELLE LLC
125 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 987-9900
Email: kpurtill@mpslaw.com
Email: tbrink@mpslaw.com

5