**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| SCP Operations, LLC, | Case No. 23-17436 <br> (Jointly Administered) |
| Debtor. | Honorable Janet S. Baer |

## NOTICE OF MOTION

TO: See attached list.

PLEASE TAKE NOTICE that on June 18, 2025 at 9:30 a.m., I will appear before the Honorable Janet S. Baer, or whomever may be sitting in her place and stead, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and will then present the *Motion of Trustee for Leave to Conduct Examinations Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*, a copy of which is attached hereto and herewith served upon you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 731 2971, and the passcode is 587565. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: June 4, 2025

**GINA B. KROL, as Chapter 7 Trustee**

By: /s/ Shelly A. DeRousse
      One of Its Attorneys

**Smith, Gambrell & Russell, LLP**
Shelly A. DeRousse
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:    312.360.6000
Fax:   312.360.6520
Email:  sderousse@SGRLAW.com
          ejanczak@SGRLAW.com

*Counsel for the Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| SCP Operations, LLC, | Case No. 23-17436 (Jointly Administered) |
| Debtor. | Honorable Janet S. Baer |

## **CERTIFICATE OF SERVICE**

I, Shelly A. DeRousse, an attorney, hereby certify that on June 4, 2025, I caused a true and correct copy of the foregoing *Notice of Motion* and *Motion of Trustee for Leave to Conduct Examinations Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* to be filed electronically with the Court and served upon the following parties by the manners listed.

/s/ Shelly A. DeRousse

**CM/ECF Service List**

Tevin D. Bowens    tbowens@ag-ltd.com, kruvalcaba@ag-ltd.com
Adam Brief    Ustpregion11.es.ecf@usdoj.gov
Timothy W Brink    tbrink@mpslaw.com, crampich@mpslaw.com
Alexander F Brougham    abrougham@ag-ltd.com, dbaird@ag-ltd.com
Gina B Krol    gkrol@cohenandkrol.com, gkrol@cohenandkrol.com; ecf.alert+Krol@titlexi.com
David A. Newby    dnewby@momkus.com, cbednarski@momkus.com
Kevin R Purtill    kpurtill@mpslaw.com, crampich@mpslaw.com
Adam P. Silverman    asilverman@ag-ltd.com, kburde@ag-ltd.com; srodela@ag-ltd.com

**U.S. Mail Service List**

Old Second National Bank
c/o James L. Eccher, Chairman, President & CEO
37 S. River Street
Aurora, IL 60506

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>SCP Operations, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-17436<br>(Jointly Administered)<br><br>Honorable Janet S. Baer |

**MOTION OF TRUSTEE FOR LEAVE TO CONDUCT EXAMINATIONS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Gina B. Krol (the "*Trustee*"), as chapter 7 trustee of the estate of SCP Operations, LLC (the "*Debtor*"), through her undersigned counsel, hereby moves this Court (the "*Motion*") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "*Rules*") and Local Bankruptcy Rule 9013-9, for leave to issue subpoena to Old Second National Bank (the "*Bank*") for production of certain documents. In support hereof, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. Venue for this chapter 11 case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested herein are Bankruptcy Rule 2004 and Local Bankruptcy Rule 9013-9.

**BACKGROUND**

4. On December 29, 2023 (the "*Petition Date*"), the Debtor and its affiliated entities filed voluntary petitions for relief under chapter 7 of Title 11 of the United States Code (the

SGR/72570981.1

"*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

5.  The Trustee was appointed to serve as chapter 7 trustee of the estate of the Debtor on or about the Petition Date.

6.  The first meeting of creditors (the "*341 Meeting*") was held on January 29, 2024 and was adjourned from time to time to allow the Debtor time to produce documentation and information requested by the Trustee and for further examination by the Trustee.

7.  At the 341 Meeting, the Debtor disclosed that many of its business records are in possession of a third-party vendor, which was withholding access to such documents due to lack of payment.

8.  The Trustee is investigating whether any claims for recovery of improper transfers exist under Sections 547 and 548 of the Bankruptcy Code ("*Chapter 5 Actions*").  The Trustee does not have complete copies of all bank account statements for the Debtors' accounts previously held at the Bank or copies of canceled checks for the four year period preceding the Petition Date and requires such documents to complete her investigation.

## RELIEF REQUESTED

9.  The Trustee respectfully requests, pursuant to Rule 2004, entry of an order allowing the Trustee to issue the proposed subpoena to the Bank (the "*Subpoena*") in substantially the same form as attached hereto as Exhibit A, which requests production of bank statements and canceled checks for the Debtors' bank accounts for the period of December 1, 2019 through the present.

10. Rule 2004 provides in relevant part, "on motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of the examination relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor,

or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

11. It is well established that a 2004 examination is very broad and, accordingly, is often described as "unfettered" and compared to a "fishing expedition." *See, e.g.*, *In re Washington Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009) (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). The "[l]egitimate goals of Rule 2004 examinations include "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *Washington Mut., Inc.*, 408 B.R. at 50 (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)).

12. In this district, courts generally agree that "the scope of inquiry under Bankruptcy Rule 2004 is very broad" and "great latitude of inquiry is ordinarily permitted." *In re Handy Andy Home Imp. Centers, Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996) (quotation omitted); *see also In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) ("The scope of examination allowed under Bankruptcy Rule 2004 is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition'" because "the primary purpose of a Rule 2004 examination is to permit the trustee to quickly ascertain the extent and location of the estate's assets").

13. The Trustee is in the process of investigating the Debtor's assets and financial condition, including pre-petition transfers made by the Debtor which may be the basis for potential Chapter 5 Actions. The Subpoenas to the Bank will allow the Trustee to complete the initial phase of his investigation and begin to reconcile and resolve those potential claims.

SGR/72570981.1

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order: (a) authorizing the Trustee, pursuant to Bankruptcy Rule 2004, to issue the Subpoena to the Bank; and (b) granting such other and further relief as the Court deems just and proper.

Dated: June 4, 2025

**GINA B. KROL, as Chapter 7 Trustee**

By: /s/ Shelly A. DeRousse
      One of Its Attorneys

**Smith, Gambrell & Russell, LLP**
Shelly A. DeRousse
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:    312.360.6000
Fax:   312.360.6520
Email:  sderousse@SGRLAW.com
          ejanczak@SGRLAW.com

*Counsel for the Chapter 7 Trustee*

SGR/72570981.1